| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VII | | |
| DAVID A. ROSA FIGUEROA<br><br>Recurrido<br><br>v.<br><br>CONDOMINIO PRADOS DE CUPEY Y OTROS<br><br>Peticionarios | KLCE202401121 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Sobre:<br>Daños y Perjuicios<br><br>Caso Número:<br>TJ2024CV00228 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

La parte peticionaria, Universal Insurance Company, comparece ante nos para que dejemos sin efecto la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala de Carolina, el 9 de septiembre de 2024. Mediante la misma, el foro primario dio por admitido un *Primer Requerimiento de Admisiones* cursado por el aquí recurrido, señor David A. Rosa Figueroa. Lo anterior, dentro de una demanda sobre daños y perjuicios incoada en contra de, entre otras partes, la entidad aseguradora.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca la resolución recurrida.

### I

La controversia entre las partes tiene su origen en una demanda sobre daños y perjuicios promovida por el recurrido en contra de la parte peticionaria y de su asegurado, el Condominio Prados de Cupey (Condominio). En esencia, reclamó una indemnización por los daños y perjuicios alegadamente derivados de una caída que sufrió dentro de las inmediaciones del Condominio, la cual, sostuvo, le ocasionó múltiples traumas en el cuerpo.

Trabada la controversia entre las partes, se dio inicio a los trámites pertinentes a la etapa del descubrimiento de prueba en el caso. En lo concerniente, surge que, el 8 de agosto de 2024, el recurrido notificó a la parte peticionaria un *Primer Requerimiento de Admisiones y de Producción de Documentos.* Así las cosas, el 29 de agosto de 2024, a veintiún (21) días de cursado el antedicho pliego sin que la parte peticionaria sometiera la correspondiente respuesta o solicitara prórroga para ello, el recurrido presentó una *Moción para que se den por Admitidos Requerimientos de Admisiones Sometidos a la Parte Demandada.* En específico, indicó que, habiendo cursado el *Requerimiento de Admisiones* en controversia el 8 de agosto de 2024, la entidad aquí peticionaria disponía de un término de veinte (20) días para presentar la correspondiente respuesta. Añadió que, habiendo vencido, el referido plazo, el 28 de agosto de 2024, sin que esta hubiera actuado de conformidad, procedía que se diera por admitido el *Requerimiento de Admisiones* en controversia. De este modo, solicitó al Tribunal de Primera Instancia que proveyera de conformidad.

El 30 de agosto de 2024, la parte peticionaria, presentó un escrito intitulado *Informativa de Notificación de Contestación, Oposición y Réplica a que se dé por Admitido el Requerimiento de Admisiones.* En el pliego informó haber notificado su *Contestación a Requerimiento de Admisiones*, así como el *Informe de Investigación* del accidente en disputa.

Luego de evaluados los escritos de las partes, el 9 de septiembre de 2024, el Tribunal de Primera Instancia notificó la *Orden* aquí recurrida. En virtud de la misma, resolvió dar por admitido el *Requerimiento de Admisiones* en controversia, tal cual requerido por el recurrido.

Inconforme, y tras denegada una previa solicitud de reconsideración respecto a lo resuelto, el 16 de octubre de 2024, la

parte peticionaria compareció ante nos mediante el presente recurso de *certiorari*. En el mismo formula el siguiente señalamiento:

> Erró el Tribunal de Primera Instancia al admitir de forma tácita los hechos y aseveraciones incluidos en el Requerimiento de Admisiones notificado a Universal, aun cuando de los autos surge se había contestado y no afectó el derecho de las partes.

Luego de examinado el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

## II

La Regla 33 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 33, regula lo concerniente al *Requerimiento de Admisiones*, como método de descubrimiento de prueba. Sobre el mismo, la doctrina vigente dispone que constituye un "mecanismo sencillo y económico, de excepcional utilidad en la práctica contenciosa". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1000; *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007). En particular, la Regla 33, supra, autoriza a una parte a requerirle a otra que admita la veracidad de cualquier materia dentro del alcance de la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1, que se relacionen con cuestiones u opiniones de hechos, o con la aplicación de la ley a los hechos, y la autenticidad de cualquier documento que se acompañe con el requerimiento. Cuevas Segarra, *op. cit.*, pág. 1000. Así, este instrumento "persigue el propósito de aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997). En lo pertinente, la referida Regla dispone como sigue:

> a) [...]
>
> [...] Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el

requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia.

[...]. 32 LPRA Ap. V, R. 33.

A tenor con lo anterior, la parte que viene obligada a responder un requerimiento de admisiones deberá "admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de 20 días". *Rivera Prudencio v. Mun. de San Juan*, supra, págs. 171-172. Así, como norma, de incumplir con este requisito, las cuestiones sobre las cuales se solicitó la admisión se tendrán por admitidas automáticamente *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 573. En este sentido, la Regla 33, *supra*, no exige que el tribunal emita una orden a esos efectos. *Íd.* Al respecto, nuestro Tribunal Supremo ha expresado que, con esta Regla, se busca evitar que una parte, mediante actuaciones que demuestren dejadez y desidia, dilate los procedimientos judiciales. *Rivera Prudencio v. Mun. de San Juan*, supra, pág. 174.

Nuestro más alto Foro ha expresado que "las disposiciones de la Regla 33 son mandatorias, no meramente directivas, lo que requiere que haya un cumplimiento sustancial con las mismas. Sin embargo, al igual que ocurre con cualquier otra regla procesal, al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, págs. 574-575. En este sentido, el estado de derecho reconoce que, "[e]n el ejercicio de su discreción, el tribunal debe interpretar la regla de forma flexible para favorecer, en los casos apropiados, que el conflicto se dilucide en los méritos. Debe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el

requerimiento dentro del término establecido para ello". *Íd., págs.* 573-574.

**III**

En la presente causa, la parte peticionaria sostiene que el Tribunal de Primera Instancia erró al dar por admitido el *Requerimiento de Admisiones* cursado por el recurrido dentro de la causa de acción de epígrafe. En particular, aduce que el foro primario abusó de su discreción, toda vez que, al momento de emitida la determinación apelada, ya obraba en los autos del caso la correspondiente respuesta al referido pliego. Habiendo examinado el antedicho señalamiento, a la luz de los hechos y el derecho aplicable, expedimos el auto solicitado y revocamos la *Orden* recurrida.

Al entender sobre la determinación aquí impugnada, todo a tenor con las particularidades procesales acontecidas entre los comparecientes, resolvemos dejar sin efecto el criterio judicial empleado por Tribunal de Primera Instancia. Si bien, de ordinario, este Foro se abstiene de intervenir con determinaciones interlocutorias relacionadas al manejo de un caso por parte del tribunal primario, en la presente ocasión, concurren los criterios reglamentarios establecidos a los fines de autorizar nuestra intervención en la controversia.

Los documentos que nos ocupan revelan que la demora por la cual el tribunal de instancia aplicó, de forma mecánica, los términos de la Regla 33 de Procedimiento Civil, *supra*, no incidió sobre los derechos del aquí recurrido, ni afectó el curso de los procedimientos. Ciertamente, la referida disposición exige a la parte obligada presentar una contestación a un requerimiento de admisiones dentro de un término de veinte (20) días, desde que el pliego le haya sido notificado. Sin embargo, aun cuando el ordenamiento jurídico dispone que la aplicación de la letra de la Regla 33, *supra*, es una

mandatoria, también reconoce al Juzgador de hechos discreción para, en los casos apropiados, flexibilizar la interpretación del estatuto, todo en aras de impulsar la premisa que garantiza que los casos se vean en sus méritos. Así, bajo ciertas circunstancias, y en la consecución de los principios de celeridad y justicia en los que se enmarca nuestro ordenamiento procesal, los tribunales primarios están facultados para apartarse de la rigidez técnica de la aplicación de ciertas normas.

En el caso de autos, la tardanza por la cual el Tribunal de Primera Instancia acogió la solicitud del recurrido y, en consecuencia, dio admitido el requerimiento de admisiones, fue una de solo dos (2) días. A ello, resulta fundamental sumar el hecho de que, conforme se nos advierte, al momento de emitida la *Orden* aquí recurrida, la parte peticionaria ya había presentado su contestación al *Requerimiento de Admisiones* en disputa. Por tanto, desde hacía nueve (9) días, previo a pronunciarse sobre el asunto en controversia, el foro primario contaba con las respuestas pertinentes por parte de la entidad peticionaria. Así, pues, y toda vez que nada en el expediente establece que la incidencia en cuestión afectó los derechos del recurrido, ni el sano curso de los procedimientos, intimamos que el más correcto quehacer de justicia exigía al Tribunal de Primera Instancia denegar el requerimiento del recurrido y admitir la contestación propuesta por la entidad peticionaria. Por tanto, en virtud de las disposiciones de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA AP. XXII-B, R. 40, acogemos el recurso de *certiorari* de epígrafe y revocamos la determinación recurrida.

**IV**

Por los fundamentos que anteceden, se expide el auto de *certiorari* solicitado y se revoca la *Orden* recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones